## EX PARTE MARION WALKER.

CRIMINAL LAW.  *Habeas corpus.  Appeal from order granting bail after release on bond.*

A person discharged on bail is not restrained of his liberty, so as to be entitled to a writ of *habeas corpus ;* and if released on bail on *habeas corpus*, before a Chancellor, this court, on appeal from that decision, cannot discharge him from the bond on the ground that the Chancellor should have discharged him without bond.

APPEAL from the decision of Hon. R. W. Williamson, Chancellor of the Fifth District of Mississippi, on *habeas corpus*, granting bail to Marion Walker.

*Holloway & Ellis*, for the appellant.

The Chancellor should have discharged the appellant without bond.  Code, §§ 1406, 1407 ; Hurd on Habeas Corpus, 252 ; Bac. Abr., Hab. Corp., § 9 ; 10 S. & M. 618.

*George E. Harris*, Attorney-General, for the State.

Having performed the judgment of the Chancellor by giving the required bond, nothing is to be accomplished by the appeal, and it should be dismissed.

CHALMERS, J., delivered the opinion of the court.

The relator, having been committed to jail by a justice of the peace, on a charge of assault and battery with intent to kill and murder, sued out a writ of *habeas corpus* before Chancellor Williamson, who, upon the hearing, admitted him to bail in the sum of $500.  He gave the bond, was released, and now

prosecutes this appeal, claiming that he should have been discharged. The proceeding is certainly a novel one. The foundation of the writ of *habeas corpus* in any court is the allegation that the relator is detained in custody, but we are asked to entertain jurisdiction of a case where the record presented by the relator affirmatively shows that he is at large. How we can put him any more at large, or how our decision can discharge the bond which he has given, we are unable to see. "Persons discharged on bail will not be considered as restrained of their liberty so as to be entitled to a writ of *habeas corpus*." Hurd on Habeas Corpus, 201; *Respublica* v. *Arnold*, 3 Yeates, 263.          *Appeal dismissed.*