JONES S. HAMILTON, LESSEE, ETC. *v.* THOMAS FLOWERS.

1. HABEAS CORPUS. *Convict. Escape.*
   If a convict, who sues out a writ of *habeas corpus* to obtain his release from the penitentiary, escapes before the hearing thereof, the proceeding should be dismissed. *Ex parte Walker*, 53 Miss. 366, cited.

2. SAME. *Subpœna for witness. How issued.*
   A subpœna for a witness issued in such a case without the Chancellor's order is sufficient to support a fine for non-attendance, if sent out by the circuit clerk from whom, under the Chancellor's fiat, the writ of *habeas corpus* emanates, and at the court-house of whose county it is returnable.

3. SAME. *Defaulting witness. Fine.*
   But no fine should be imposed for such relator's benefit; and if judg-

ment for non-attendance be entered against the witness, the proceeding will not be retained to enable the relator to collect it.

4. Same. *Practice. False return. Continuance.*
   Practice in *habeas corpus* cases, where there is reason to doubt the return, discussed, with rules as to continuances.

Appeal from the decision of Hon. Thomas Y. Berry, Chancellor of the Tenth District of Mississippi.

*Nugent & McWillie*, for the appellant.

1. If an escaped convict can maintain a writ of *habeas corpus* against the lessee of the penitentiary who has lost him, this proceeding should be sustained, otherwise not. Much righteous indignation seems to have been expended by the Chancellor, who fined everybody, and held every one in contempt. Flowers was doubtless all the while blooming in Texas. The proceeding should have been dismissed when the escape was established. At all events, it should not have been longer maintained when the relator could not be caught.

2. The subpœna for Hamilton was improperly issued without the order of the Chancellor, when there was no writ of *habeas corpus* legally pending, and it was therefore wrong to award judgment against the witness for his failure to obey it. Code 1871, § 1411. The judgment, which is in the nature of a fine for the relator's benefit, should not be retained, but must fall in the dismissal of the *habeas corpus* proceeding. The relator who was not present at the return of the writ, should be held to have released his claim against the defaulting witness. Possibly the lessee was too intent upon his search to be diverted by a useless summons; and no law charges him with the escaped convict's travelling expenses.

*T. A. McWillie*, on the same side, argued the case orally.

*Cassedy & Stockdale*, for the appellee.

No brief for the appellee is found in this case.

*T. R. Stockdale*, on the same side, made an oral argument.

George, C. J., delivered the opinion of the court.

The appellee sued out a writ of *habeas corpus* returnable before Chancellor Berry, with the view, as shown by his peti-

tion, of getting a release from the State Penitentiary, to which he had been sentenced. The ground on which he sought the release was, that the judgment of conviction had been superseded under proceedings for a writ of error. The appellant, in his return to the writ, stated his inability to produce the body of the relator, because he had escaped. It is not clear from the record, but it seems the most probable meaning of it, that the relator, through his counsel, took issue on the return, and the court heard evidence on the issue. The record also fails to show clearly how the court determined the issue; but we infer from the fact that the court allowed, in its final judgment, the appellant sixty days in which to produce the relator, that the court was of the opinion that there had been an escape, and that time was allowed for a recapture. The Chancellor in the absence of the relator, and with the above implications as to his escape, proceeded to render final judgment; adjudging, that the confinement of the relator in the penitentiary was illegal, and directing that the appellant should, within sixty days, return the relator to the sheriff of Pike County, in which county he had been convicted; and, on failure to do so, that he should show cause for such failure.

The judgment was unauthorized. If the Chancellor, on hearing the evidence in relation to the escape, was satisfied that the return was false, he should have punished the appellant for a failure to obey the writ, continued the trial to another day, and ordered the production of the relator at the time named. If he was in doubt as to the escape, he should have continued the trial of that issue until satisfactory evidence could be procured, and directed also a production of the body of the relator at the time indicated; and, if an escape was again urged as an excuse for a non-production of the body of the relator, the validity of the excuse should have been fully investigated. The Chancellor had full power and authority to make all orders necessary to try the question of the alleged escape; and, in case he found there was no escape, then to punish the defendant in the *habeas corpus* proceeding for his failure to obey the writ and to provide for the production of the body of the relator. But whenever it appeared that there had been an escape, and that it was not in the power of the defendant

to produce the body of the relator, the proceedings should have been dismissed; for the Chancellor had no jurisdiction to inquire into the legality of the detention or conviction of the relator in his absence. *Ex parte Walker*, 53 Miss. 366.

It is also assigned for error that the Chancellor entered a fine against the appellant for his failure to attend as a witness on the day on which the writ of *habeas corpus* was returnable. This fine was, in pursuance of the statute, entered up as a judgment in favor of the relator. We do not think the objection urged by the appellant, a good one; which is, that he was not bound to obey the subpœna, because it did not appear to have been issued in pursuance of a previous order of the Chancellor. The subpœna was issued by the circuit clerk at the court-house of whose county the writ was made returnable; and the writ of *habeas corpus* was also issued by the clerk under the fiat of the Chancellor. Under these circumstances, we think that the clerk was authorized to issue subpœnas for witnesses, as in other cases pending in his court. But we do not regard the fine imposed as within the rules which govern ordinary fines imposed by courts as punishments for contempts against their authority and dignity. The statute directs the imposition of fines against defaulting witnesses summoned for the relator, in the shape of judgments in his favor.. A proceeding of that character we regard rather as a means of assessing damages to the relator for his failure to get the evidence of a defaulting witness, than as an exertion of power by the Chancellor to protect his authority and to enforce obedience to lawful process. The fine imposed is the private property of the relator, who may remit it if he sees proper. Regarding it in this light, we must consider the right of the relator to the money, as well as the default of the witness. As the prisoner had escaped, and was not present by his own free will, and as it was impossible for him to avail himself, while absent, of the witness's evidence, we cannot see how he has been damnified by the failure of the witness to attend, or how he can demand the punishment for a default which worked no possible injury to him. The relator having sued out a writ of *habeas corpus* when he had escaped, or having escaped afterwards, so that he could not be produced,

whereby the proceedings must necessarily come to an end without a trial on the merits, we cannot see the propriety of allowing them to be continued for the sole purpose of securing to him a pecuniary benefit which he does not deserve. He must be treated as having released the witness from his obligation to attend and testify.

> *Both judgments reversed and proceedings dismissed.*