## JAMES v. WALDROP.

(Division B.   Feb. 3, 1930.)

[126 So. 15.   No. 28342.]

Goss & Goss, of Columbia, for appellant.

Geo. T. Mitchell, Attorney-General, and W. A. Shipman, Assistant Attorney-General, for appellee.

Anderson, J., delivered the opinion of the court.

Appellant filed her petition against appellee, the sheriff of Marion county, addressed to the circuit judge of the Fifteenth judicial district, in which Marion county is

situated, for a writ of habeas corpus, setting up that she was unlawfully restrained of her liberty by appellee. The cause was tried by the circuit judge on the petition, appellee's answer thereto, and evidence. The judgment rendered recited that the petition was well-founded, for the reason, only, that the judgment of the circuit court of Marion county, under which appellant was held in custody, adjudging her guilty of the unlawful possession of intoxicating liquor, was void, because therein the court imposed a sentence on appellant beyond the maximum sentence permitted by law. It was further adjudged that the judgment under which appellant was held was valid in all other respects; and that appellant be held in custody by appellee to appear at the next term of the circuit court of Marion county, to receive proper sentence of the court, unless in the meantime she should execute a bond in the sum of five hundred dollars, conditioned for such appearance. Appellant thereupon executed such appearance bond, and upon doing so was discharged from custody by appellee. From that judgment appellant prosecutes this appeal.

The following additional statement of the case is deemed sufficient to develop the question to be decided: At the December, 1924, term of the circuit court of Marion county, the appellant was indicted for the crime of unlawfully possessing intoxicating liquor. At the June, 1925, term of the court, appellant, in her absence, was tried and convicted of the crime with which she was charged, a plea of not guilty having been entered by direction of the court. The judgment of the court sentenced the defendant to pay a fine of two hundred fifty dollars, and to serve ninety days in the county jail. No further action was taken in the case until July, 1929, when a capias pro finum was issued by the clerk of the court, commanding the sheriff to take appellant into custody, and hold her until the judgment of conviction should be performed. In obedience to the writ, appellee took appellant into custody.

On July 12, 1929, appellant filed her petition for a writ of habeas corpus. The ground of her petition was that at the June, 1925, term of the circuit court of Marion county, at which she was tried and convicted in her absence of the unlawful possession of intoxicating liquor, the court had not acquired jurisdiction of her person, because she had never been arrested and taken into custody on the warrant issued on the indictment found against her.

On the trial of the petition for the writ of habeas corpus, the court found that appellant had been arrested on the indictment against her, and therefore the court had jurisdiction of both the subject-matter and of appellant's person. But the court found, further, that the sentence passed on appellant for the offense of which she had been convicted was void for the reason above stated; and in its judgment directed appellee to hold appellant in custody until the next term of the circuit court of Marion county, to receive a proper sentence of the court, or take from her an appearance bond conditioned for that purpose.

On the same day the judgment was rendered on the petition for the writ of habeas corpus, appellant executed, and appellee accepted an appearance bond as provided by the judgment of the court, and appellant was thereupon discharged from custody. This appearance bond is part of the record on this appeal.

It appears, therefore, that, when this appeal was prosecuted, and continuously since, appellant was and has been at large by virtue of the appearance bond.

Ex parte Walker, 53 Miss. 366, is decisive of this question against appellant's contention. In the Walker case the appellant had been committed to jail by a justice of the peace on a charge of assault and battery with intent to kill and murder. He sued out a writ of habeas corpus, upon the hearing of which he was admitted to bail in the sum of five hundred dollars. He gave the bond, was released, and afterwards prosecuted an appeal to the su-

preme court, claiming that he should have been discharged without the requirement of a bail bond. The court said that the proceeding was certainly a novel one; that the foundation of the writ of habeas corpus was the allegation that the petitioner *"is detained in custody;"* that the supreme court was asked, in that case, to sustain jurisdiction where the record showed affirmatively that the petitioner was at large. The court used this language: "How we can put him any more at large, or how our decision can discharge the bond which he has given, we are unable to see. 'Persons discharged on bail will not be considered as restrained of their liberty so as to be entitled to a writ of habeas corpus.' Hurd on Habeas Corpus, 201; Respublica v. Arnold, 3 Yeates (Pa.) 263." That is exactly the state of the present case. Appellant is already at large under her appearance bond.

Appeal dismissed.