[No. 25250. Department One. February 25, 1935.]

*In the Matter of the Petition of* H. SYLVESTER GARVIN *for a Writ of Habeas Corpus.*[1]

*H. Sylvester Garvin, George E. Flood,* and *Scott Calhoun,* for appellants.

*Robert M. Burgunder, Cordelia M. Thiel, Warren G. Magnuson,* and *Paul Coughlin,* for respondent.

BEALS, J.—During the month of March, 1934, H. Sylvester Garvin filed a petition as next friend of Clinton M. Roos, asking for a writ of *habeas corpus* on behalf of Roos, alleging that the latter was restrained of his liberty by the sheriff of King county. The writ was issued, and a return thereto filed by the sheriff, in which it was stated that Roos was being held in custody by virtue of a warrant of arrest issued by a justice of the peace for Seattle precinct, and further alleging that Roos was held as a fugitive from justice at the request of the authorities of the state of New York. Copies of these papers were attached to the return, which was filed on the day following the filing of the petition. It appears from a bail bond contained in the transcript that, on the same day, Roos was admitted to bail.

[1]Reported in 41 P. (2d) 776.

642

April fifth following, an order was entered reciting that the matter came on to be heard upon the writ of *habeas corpus* and upon a motion to forfeit the bail bond above referred to. The order continues as follows:

"And it appearing to the court from the return to said writ that the sheriff of King County, Washington, at the time the writ was issued to-wit, on the 14th day of March 1934, had the custody of the said Roos by virtue of a fugitive warrant issued on the 13th day of March 1934, by William Hoar, Justice of the Peace in and for Seattle Precinct, King County, Washington, upon a complaint charging the said Roos with being a fugitive from justice; and it further appearing that said justice of the peace has not as yet had a hearing on said complaint; and it further appearing that on the 15th day of March, 1934, the said Roos was by order of this court in this cause released on bond in the sum of Three Hundred Dollars ($300.00) for his appearance when requested by the above entitled court; and it further appearing that on the 4th day of April, 1934, the defendant having failed to appear as required by the court in conformity with the terms of said bond, and the respondent through his attorneys having moved the court for an order dismissing the writ and for forfeiture of the bond; and the court being fully advised in the premises;

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED That said writ of habeas corpus is hereby discharged and that said bond in the sum of Three Hundred Dollars ($300.00) be and the same is, hereby declared forfeited, and that the State of Washington have and recover of and from the said C. M. Roos and the surety on the bond, to-wit: the NEW AMSTERDAM CASUALTY COMPANY, and each of them, the sum of Three Hundred Dollars ($300.00)."

From this order, the petitioner, H. Sylvester Garvin, and New Amsterdam Casualty Company of New York, a corporation, joined in notice of appeal, which was signed only by attorneys for the petitioner.

No statement of facts is before us, the matter being submitted on the transcript of the record.

Appellant argues that the record shows no sufficient reason for Roos' arrest or his detention at the request of the New York authorities. Respondent moves to dismiss the appeal, assigning several grounds therefor; and further contends that, as it appears in the record that Roos was admitted to bail and later absconded, no appeal can be maintained by his next friend or his surety from the order discharging the writ of *habeas corpus* and forfeiting the bond.

Passing all technical objections to the appeal and expressing no opinion thereon, but considering the merits, it is clear that the order appealed from must be affirmed. The order recites that Roos failed to appear, as required by the court, and that the court proceeded to discharge the writ.

In the case of *Hamilton v. Flowers*, 57 Miss. 14, it was held that, in case of the escape of a prisoner on whose behalf a writ of *habeas corpus* was sought, the proceeding should be dismissed, the chancellor having "no jurisdiction to inquire into the legality of the detention or conviction of the relator in his absence."

The supreme court of South Carolina, in *Ex Parte Massee*, 95 S. C. 315, 79 S. E. 97, 46 L. R. A. (N. S.) 781, in which the facts were very similar to those here presented, stated the rule as follows:

"The principle is well settled in this state that when an accused person gives bail for his appearance at a future time for the adjudication of the question whether his body shall be held in custody or released, he cannot have his right to discharge adjudicated, unless he is actually in the presence of the Court or in the custody of an officer subject to the Court's order. If he fails to appear without legal excuse, his bail will be forfeited, and his application for the inquiry as to the legality of his arrest and detention will be considered abandoned."

In the case cited, an order discharging the petitioner was reversed, with instructions that the petitioner be required to appear in person before the trial court, and that he then be remanded to the custody of the sheriff, unless it should appear that the order of extradition had been revoked.

Assuming, without deciding, that Mr. Garvin, as next friend of Roos, could, under the circumstances shown, file a petition for writ of *habeas corpus* requiring the sheriff to produce Roos before the court, it is clear that thereafter, when Roos was brought before the court, he became the petitioner, and that his next friend neither could then nor can now argue any matters concerning which Roos himself would not be heard. Roos, having failed to appear in response to the court's order, must be held to have escaped from arrest, no showing to the contrary then or since having been made. This being true, he could not before the superior court, nor can he now, pursue further his remedy by way of an application for a writ of *habeas corpus*.

The supreme court of the United States, in the case of *Johnson v. Hoy*, 227 U. S. 245, 33 S. Ct. 240, dismissed an appeal attempted to be taken from an order denying an application for a writ of *habeas corpus*, it appearing that, since the taking of the appeal, the appellant had given bond in the district court and been released from arrest. The court said, referring to the appellant:

"He is no longer in the custody of the marshal to whom the writ is addressed, and from whose custody he seeks to be discharged. The defendant is now at liberty, and having secured the very relief which the writ of *habeas corpus* was intended to afford to those held under warrants issued on indictments, the appeal must be dismissed."

So here, the application for writ of *habeas corpus* was dismissed because Roos had failed to present himself before the court, as ordered. In effect, he had escaped, and was no longer entitled to argue that it should be held as matter of law that he should not be subjected to a custody to which he was not, in fact, subject, he having escaped therefrom.

The order appealed from was clearly right, and the same is affirmed.

MILLARD, C. J., TOLMAN, MAIN, and GERAGHTY, JJ., concur.