CROSBY *v.* STATE.

(In Banc. June 14, 1941.)

[2 So. (2d) 844. No. 34558.]

**E. L. Dent**, of Collins, for appellant.

**Geo. H. Ethridge**, Assistant Attorney-General, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was indicted on a charge of child desertion under Section 861, Code 1930. He gave bond but failed to appear at the September, 1940, term of the circuit court, and a judgment nisi was taken on his bond. In December, 1940, after some efforts on the part of his

bondsmen, he returned to the State and to the county and was confined in jail. On January 24, 1941, he filed a petition for a writ of habeas corpus, under which he sought the right to furnish such bail bond as would be required by law; but the circuit judge denied bail on the ground that the previous conduct of appellant had disclosed that he had no regard or respect for a bond and its obligations.

From this order denying bail, an appeal was taken. On February 3, 1941, appellant presented to a member of this Court a petition for bail pending appeal, and an order was made by a member here allowing the bail and fixing the amount, and ordering the discharge of appellant on that bond when given and approved. The bond was given and approved on the same day, and appellant was released from custody.

The bond, as given, obligated appellant "to appear before the State Supreme Court pending outcome of appeal in habeas corpus case and also on the first day of the next regular term of said Circuit Court, which convenes on the 2nd Monday of March, 1941, and there remain from day to day and term to term to answer said charge." Under Sections 1246, 1247, and 1254, Code 1930, the bond last mentioned is as good and valid as had the circuit judge allowed the bond in the habeas corpus proceeding. Appellant is out of jail on a good and valid bond requiring him to appear in the circuit court and from term to term therein, from which it follows that the issue whether the circuit judge should have allowed him bond in the habeas corpus proceeding has now become nothing but a moot question, and the appeal which involves that question, and nothing else, must be dismissed.

Appeal dismissed.