## REED *v.* GILFOY, SHERIFF

No. 42568          January 21, 1963          148 So. 2d 714

*Laurel G. Weir*, Philadelphia, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Quinton Reed appealed from an order of the County Court of Hinds County denying a release on bond in a habeas corpus proceeding. A woman had charged him with rape, and the sheriff had been holding him for about fifteen days pursuant to her affidavit. He had previously declined a preliminary hearing.

(Hn 1) If we should consider this matter on the merits, there was no error below. Miss. Const. 1890, Sec. 29 provides that "all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses

when the proof is evident or presumption great.'' Rape is classified as a capital offense. Miss. Code 1942, Rec., Sec. 2358. Reed's confession and his own testimony were ample to warrant the county court in finding the proof was evident or presumption great, as the basis for denying relief as of the date of the court's order.

However, we do not reach the substantive merits of denial of the writ. The state has filed in this Court a plea in bar to the appeal. Attached to it is a certified copy of an indictment for rape, returned against Reed by a Grand Jury of the Circuit Court, First Judicial District of Hinds County, at the November, 1962 term, several months after the order denying the petition for a release on the writ of habeas corpus. Also attached to the plea is a certified copy of an order of the circuit judge, dated November 12, 1962, finding that, on motion of Reed by his counsel, with the district attorney agreeing, and on evidence indicating that defendant may be suffering from some mental disorder, it was ordered that he be committed to the Mississippi State Hospital at Whitfield for mental examination and treatment, if needed. Custody was transferred to the director of that institution, with orders that he retain custody for the period necessary for care and treatment; but, if none were necessary, he should notify the sheriff and return Reed to him.

(Hn 2) In short, this plea in bar reflects that the Sheriff of Hinds County, defendant in the habeas corpus proceeding now on appeal, no longer has custody of Reed; and, on Reed's own motion, his custody was transferred by the circuit judge to the director of the hospital at Whitfield. Hence even if an order for discharge on bond were required in this Court, the case is moot as to the sheriff, since, by Reed's own action, the sheriff does not have custody of him at this time.

Appellant has made no reply to the state's plea in bar, which was entered in accord with the practice in

this Court. Insured Sav. & Loan Assn. v. State, ex rel. Patterson, Atty. Gen., 242 Miss. 547, 135 So. 2d 703 (1961). Reed has now been indicted for a capital offense. He is no longer in custody of the sheriff. The questions involved at the time of hearing in the county court have ceased to exist. Those issues have become moot.

Appeal dismissed.

*McGehee, C. J., and Kyle, McElroy, and Jones, JJ.,* concur.