303 So.2d 481 (1974)
Everette KELLER, Sheriff
v.
Marty ROMERO.
No. 48204.
Supreme Court of Mississippi.
November 4, 1974.
Rehearing Denied December 9, 1974.
Joe Clay Hamilton, Dist. Atty., Meridian, for appellant.
Thomas K. Holyfield, Meridian, for appellee.
RODGERS, Presiding Justice.
Marty Romero was arrested for the illegal sale of lysergic acid diethylamide (LSD) on December 5, 1973, after having been indicted by a Lauderdale County Grand Jury on November 19, 1973. He was taken into custody and informed of his *482 constitutional rights. The circuit court, then in session, was adjourned on December 7, 1973. The prisoner was not arraigned before adjournment, nor was he arraigned during the five-week term of circuit court for civil business. A new term of circuit court began April 8, 1974. In the meantime, the circuit judge appointed an attorney to represent the prisoner, who obtained his release on a three thousand dollar ($3,000.00) bail bond on March 29, 1974. After the prisoner had been released on bond requiring his presence in the circuit court, and while he was at liberty on bond, he filed a petition for habeas corpus writ in the Lauderdale County Court.
The county court heard evidence that the prisoner had been held in jail without bond, evidence as to the guilt of the prisoner, and evidence that the prisoner was unable to obtain the services of an attorney. The county court entered an order discharging the prisoner and enjoining the district attorney from further prosecution of the prisoner in the circuit court.
The sheriff and the district attorney have appealed and contend that the county court had no authority under the law of this state to grant a habeas corpus writ discharging the the prisoner from his responsibility to appear in the circuit court as required by his bond, and that the county court had no authority to enjoin a district attorney from prosecuting cases in the circuit court where that court had acquired jurisdiction of the prisoner and the subject matter.
We are of the opinion, after a careful study of the law and facts in this case, that the judgment of the county court was erroneous and should be reversed and set aside for the following reasons.
The procedure to obtain a habeas corpus writ in the courts of Mississippi is based upon Mississippi law in which this state has a legitimate state interest. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, rehearing denied, 380 U.S. 926, 85 S.Ct. 878, 13 L.Ed.2d 813 (1965); Murdock v. Memphis, 87 U.S. (20 Wall.) 590, 22 L.Ed. 429 (1875).
State and federal constitutional issues such as defendant's right to a speedy trial, evidentiary issues such as whether or not confessions are admissible in evidence, and issues as to guilt or innocence, are issues to be determined by the trial court that has jurisdiction to try the charge against the prisoner, and not the habeas corpus court. The function of the habeas corpus court in Mississippi in criminal cases is to release a prisoner who is being unlawfully held or to grant him a bail bond which he can make. A habeas corpus writ cannot be used as a collateral method to prevent a trial on an indictment in this state, nor can the writ be used as a post-conviction remedy, or a method of appeal out of time.
Mississippi Code Annotated Section 11-43-1 (1972), provides:
"The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in the cases expressly excepted."
This statute is substantially the same as it appeared in Mississippi Code, Ch. 48, Art. 2 (1857).
The case law in Mississippi seems to be very clear on the issue of allowing a petition for writ of habeas corpus, where the petitioner is released on bond. One of the earliest cases on this point is Ex parte Walker, 53 Miss. 366 (1876). The opinion of the Court was as follows:
"The relator, having been committed to jail by a justice of the peace, on a charge of assault and battery with intent to kill and murder, sued out a writ of habeas corpus before Chancellor Williamson, who, upon the hearing, admitted *483 him to bail in the sum of $500. He gave the bond, was released, and now prosecutes this appeal, claiming that he should have been discharged. The proceeding is certainly a novel one. The foundation of the writ of habeas corpus in any court is the allegation that the relator is detained in custody, but we are asked to entertain jurisdiction of a case where the record presented by the relator affirmatively shows that he is at large. How we can put him any more at large, or how our decision can discharge the bond which he has given, we are unable to see. `Persons discharged on bail will not be considered as restrained of their liberty so as to be entitled to a writ of habeas corpus.' Hurd on Habeas Corpus, 201; Respublica v. Arnold, 3 Yeates [Pa.] 263." 53 Miss. at 366-367.
In James v. Waldrop, 156 Miss. 322, 126 So. 15 (1930), this Court said in the syllabus of the opinion:
"Where petitioner for habeas corpus was, pending appeal from judgment therein, at large under appearance bond authorized by judgment of court, she was not entitled to any relief, since person discharged on bail will not be considered as restrained of liberty so as to be entitled to writ of habeas corpus." 156 Miss. at 322, 126 So. at 15.
With the James case the Supreme Court of Mississippi expressly reaffirmed the Walker case and the position taken therein.
It is clear from the position taken by these decisions that, under the Mississippi habeas corpus statute, a petitioner is not entitled to a writ of habeas corpus while released on bond.
The petitioner/appellee contends that the times have changed, and that the scope of the writ of habeas corpus has been extended. Numerous Federal cases are cited where the writ was allowed while the petitioner was released on bond. See, e.g., Capler v. City of Greenville, 422 F.2d 299 (5th Cir.1970); Marden v. Purdy, 409 F.2d 784 (5th Cir.1969). However, each of these cases involved the federal writ of habeas corpus.
In Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961), this Court noted the diverging courses being taken by the federal and the Mississippi writs of habeas corpus, as follows:
"The Supreme Court of the United States is apparently leaving the beaten path and charting a new course and deliberately creating a new concept in the field of habeas corpus. About 13 years ago in the case of Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 1594, 91 L.Ed. 1982, Mr. Justice Frankfurter in a dissenting opinion describes the federal habeas corpus practice as `an untidy area of our law'. Since that time the U.S. Supreme Court under the `due process' clause has expanded the federal jurisdiction over federal cases by simply expanding the concept of `lack of jurisdiction' on the part of the sentencing court, and in at least one case, has frankly abandoned the `lack of jurisdiction' touchstone concept, in habeas corpus cases. The Court has declared that the writ of habeas corpus `extends also to those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights.' See Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 966, 86 L.Ed. 1302." 240 Miss. at 615, 128 So.2d at 549-550.
Compare Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and Ex parte Watkins, 28 U.S. (3 Pet.) 193, 7 L.Ed. 650 (1830); Act of Feb. 5, 1867, ch. 28, § 1, 14 Stat. 385.
In Rogers, the Court continued:
"The U.S. Supreme Court in the case of Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969, as late as 1915 held in accordance with the historical theory that the federal court could not examine *484 the proceedings of a state court on a habeas corpus so long as it has been sustained by the appellate court of that state. This rule was repudiated, however, in the case of Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543, in which the U.S. Supreme Court gave the prisoner the benefit of the ruling in Waley v. Johnston, supra, with reference to federal prisoners.
In 1952 the U.S. Supreme Court discussed four habeas corpus cases, the most important of which were Brown v. Allen, 344 U.S. 497, 73 S.Ct. 397, 97 L.Ed. 469, and Daniels v. Allen, Ibid., and from these cases it is apparent that the U.S. Supreme Court is now committed to the rule that a state prisoner is entitled to a full review of his constitutional rights by habeas corpus in the Federal District Court. That is to say, the state courts must not deny a prisoner of constitutional rights, and when this is done, it may be reviewed in the federal court on a writ of habeas corpus. See Goldsby v. State (Harpole), [240] Miss. [647], 123 So.2d 429." 240 Miss. at 615-616, 128 So.2d at 550.
See also In re Lincoln, 202 U.S. 178, 26 S.Ct. 602, 50 L.Ed. 984 (1906); Ex parte Siebold, 100 U.S. 371, 25 L.Ed. 717 (1879); Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873).
The federal courts have also recognized the Mississippi writ of habeas corpus as being much more limited than the federal writ. In King v. Cook, 287 F. Supp. 269 (N.D.Miss. 1968), Chief Judge Keady said:
"The statutory writ of state habeas corpus [Miss. Code Ann. 1942 (Recomp.) § 2815 et seq.], as construed by the Mississippi Supreme Court, is of limited function, and it would be of no value to petitioner here. In Rogers v. State, 240 Miss. 610, 128 So.2d 547, the State Supreme Court referred to the considerably broader application of federal habeas corpus as applied in the federal courts." 287 F. Supp. at 271.
The distinctions between federal and Mississippi writs of habeas corpus are further expressed in numerous cases, such as Allred v. State, 187 So.2d 28 (Miss. 1966), where the Court rejects the contention that the writ may be used in Mississippi state courts as a post-conviction remedy.
In State v. Ridinger, 279 So.2d 618 (Miss. 1973), this Court said of the Mississippi writ:
"A habeas corpus proceeding has but one purpose, that is to set at liberty persons illegally held, by entering an order discharging the prisoner, granting bail, or for the purpose of delivering a child to the rightful custody of persons who are properly entitled to the care and custody of the child." 279 So.2d at 619.
See Smith v. State, 155 So.2d 494 (Miss. 1963).
Assuming that the court in the habeas corpus proceeding had jurisdiction, the following remedies may be obtained under Mississippi Code Annotated Section 11-43-33 (1972):
"The judge or chancellor before whom the prisoner or other person may be brought, shall inquire into the cause of imprisonment or detention, and shall either discharge, commit, admit to bail, or remand the prisoner, or award the custody to the party entitled thereto, as the law and the evidence shall require; and may also award costs and charges, for or against either party, as may seem right. And the clerk of the court in whose office the proceedings may be filed, shall issue execution for the costs and charges so awarded, against the party bound therefor. But the judge may continue the trial from day to day as the case may require."
This section does not include as a remedy a bar to any further prosecution for the *485 charged offense. Regardless of any constitutional rights that may have been violated, Mississippi Code Annotated Section 11-43-5 (1972) provides:
"If it appear on the trial of any habeas corpus that the relator is held by virtue of proceedings against him for crime (sic) which are invalid, the judge shall not discharge the relator because thereof, but shall investigate the facts; and if it be found that he ought to be held for any crime alleged against him, the judge shall not discharge him, but shall commit him or require bail, according to the nature of the case."
In Ex parte Caples, 58 Miss. 358 (1880), the petitioner was arrested under an indictment for murder and demanded to be put on trial; however, the judge opened and adjourned the circuit court without transacting any business due to "the incessant and protracted rains, which had prevailed for many days." The petitioner sued out a writ of habeas corpus; the chancellor refused to discharge him, but did release him on bail. On appeal, this Court said: "[T]he relator has, we think, in being admitted to bail, received every advantage that he was entitled to demand." 58 Miss. at 361.
Furthermore, in Byrd v. State, 2 Miss. (1 How.) 163 (1843), the petitioner was arrested, but not brought to trial, since court was not held for two succeeding stated terms. The petitioner sought in a habeas corpus proceeding a total discharge and a bar to prosecution for that offense forever. In referring to a statute which required a discharge if the prisoner were not prosecuted by the second term of court, this Court said on appeal:
"The utmost extent to which this law can be carried, considering, too, as remedial, is to a total discharge from imprisonment, for the same offence; and cannot go to bar a prosecution for the crime charged." 2 Miss. (1 How.) at 171.
This Court held in the case of Hawie v. Hawie, 128 Miss. 473, 91 So. 131 (1922), that where one was held in jail under an indictment for murder in Hinds County by authority of the Circuit Court of Newton County, the prisoner was under the exclusive jurisdiction of the circuit court of the county where the indictment was pending, namely, Newton County. The prisoner's sanity could not be determined by a chancery judge in Hinds County. From the Hawie case and others above cited, it is apparent that a county judge cannot release a prisoner who is under indictment and is at liberty on bail bond.
Therefore, in the instant case the habeas corpus court could not release the prisoner from his bond to appear in the circuit court and could not enjoin the district attorney from prosecuting the petitioner for the charged offense.
The judgment of the county court is reversed, and the prisoner is remanded to the circuit court under his bond to answer the charge made against him by the indictment filed by the Grand Jury of Lauderdale County, Mississippi.
Reversed and prisoner remanded to the Circuit Court of Lauderdale County, Mississippi.
PATTERSON, INZER, SUGG and WALKER, JJ., concur.