355 So.2d 675 (1978)
Ronald Eugene BRADLEY and Bevie Smith Bradley
v.
STATE of Mississippi.
No. 50227.
Supreme Court of Mississippi.
March 1, 1978.
Ronald Reid Welch, Jackson, Pack, Ratcliff & Thaxton, David M. Ratcliff, Laurel, for appellants.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
Ronald Eugene Bradley filed a Petition for Writ of Habeas Corpus alleging illegal detention by the Mississippi Department of Corrections as a result of his arrest pursuant to execution of a warrant of January 14, 1974, for retaking work-releasee. The petition further alleged that it was filed on *676 behalf of all past, current and future work-releasees of the Mississippi Department of Corrections. Joined as petitioners were Beverly Smith Bradley, wife of Ronald Eugene Bradley, on behalf of all spouses and dependents of past, current and future work-releasees of the Mississippi Department of Corrections, and Lomax Printers and Stationers, Inc., employer of Ronald Eugene Bradley, work-releasee, on behalf of all Mississippi employers of past, current and future work-releasees of the Mississippi Department of Corrections. In addition to praying for Bradley's release from custody, the petition prayed for declaratory, injunctive and mandatory relief, damages to Beverly Smith Bradley (wife) and damages to Lomax Printers and Stationers, Inc. (employer).
The petition was heard by the Circuit Court of Sunflower County, Honorable Arthur B. Clark presiding, and, at the conclusion of the hearing, the Court ordered that petitions of Lomax and Beverly Smith Bradley be dismissed for lack of jurisdiction, and all other relief requested in the nature of a class action, equitable and injunctive relief, claims for damages and attorneys' fees be denied as not being within the jurisdiction of the court, and the petition was dismissed as to Ronald Eugene Bradley.
On November 4, 1977, appellee, State of Mississippi, filed in this Court a plea in bar to the action and attached thereto an affidavit of B.C. Ruth, Director of Records, Mississippi State Penitentiary, along with exhibits. On February 1, 1978, appellee filed a supplemental exhibit to the plea in bar being an affidavit by B.C. Ruth dated January 23, 1978, which indicated that the said Ronald Eugene Bradley was discharged January 21, 1978, from Mississippi State Penitentiary upon expiration of sentence.
Mississippi Code Annotated Section 11-43-1 (1972) sets out in what cases the writ of habeas corpus applies:
"The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in the cases expressly excepted."
In Keller v. Romero, 303 So.2d 481 (Miss. 1974), this Court said:
"The function of the habeas corpus court in Mississippi in criminal cases is to release a prisoner who is being unlawfully held or to grant him a bail bond which he can make. A habeas corpus writ cannot be used as a collateral method to prevent a trial on an indictment in this state, nor can the writ be used as a post-conviction remedy, or a method of appeal out of time." 303 So.2d at 482.
We are unwilling to give Section 11-43-1 a construction which would cover and include all the parties and relief prayed for in the present petition for writ of habeas corpus. Since it is undisputed that the appellant, Ronald Eugene Bradley, is not presently detained at Mississippi State Penitentiary, his appeal is moot and should be dismissed. Reed v. Gilfoy, 246 Miss. 46, 148 So.2d 714 (1963); Sheldon v. Ladner, 205 Miss. 264, 38 So.2d 718 (1949); Rawlings v. Claggett, 174 Miss. 845, 165 So. 620 (1936).
AFFIRMED AS TO BEVERLY SMITH BRADLEY AND LOMAX PRINTERS AND STATIONERS, INC.; APPEAL DISMISSED AS TO RONALD EUGENE BRADLEY.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.