COFER, Justice,
for the Court:
Appellant Mary Mills procured a loan from a lender, which was taken over and refinanced on March 16, 1976, by appellee Tower Loan of Mississippi, Incorporated, doing business as Tower Loan of Yazoo City. The latter loan was made under the Small Loan Regulatory Act, Mississippi Code Annotated, section 75-67-101 (1972), et seq. Dual property insurance [to protect the lender (Tower) and the borrower (appellant)] was included in the loan papers.
By section 75-67-129, et seq., the Comptroller of Banks has authority to promulgate rules and regulations for the purpose of administering the Small Loan Statute. He did so, including one, Regulation VI, section A, Par. 3, authorizing on a loan such as here involved, either single or dual insurance, “provided the borrower will make the decision as to whether the insurance coverage on loans of $500 gross or over is to be written on a single or dual policy.”
On March 22, 1977, she filed a bill of complaint in the Chancery Court of Yazoo County (No. 51,545 in this Court), praying cancellation of the indebtedness and refund to her of all amounts which she had paid thereon. She alleged as basis therefor that, contrary to the portions of the regulation above quoted, Tower did not permit her to make the decision as to the insurance, but required that it be written on a dual interest policy. She alleged other grounds of her right to the relief she sought, but they were either abandoned before this appeal, or are not here pressed, and the issue before us is whether she chose dual insurance, and, if not, to what relief she is entitled.
Tower answered and included a cross bill, later amended, wherein it prayed money decree for balance owed plus an attorney fee.
After a full hearing on the merits, the chancellor dismissed the bill of complaint, and granted money recovery to Tower in the amount of $467.41 and attorney fee in the amount of $150, the decree being dated November 24, 1978.
On this appeal appellant assigns as error “the failure of the chancery court to hold that the loan from the appellee small loan company to appellant was void and unenforceable because appellee did not allow appellant to make the decision as to whether the credit personal property insurance written in connection with the loan was written on a single interest or dual interest basis in violation of the regulations promulgated pursuant to the Small Loan Regulatory Act.”
On May 25, 1977, Tower filed a declaration in replevin against appellant, in the County Court of Yazoo County (No. 51,393 in this Court) to obtain possession of the items of personal property on which appellant had given lien to secure the loan here-inabove. Writ of replevin issued the same day, and the return thereon, dated May 26, 1977, showed possession of the collateral had been taken and delivered to Tower.
Appellant, as defendant, answered the suit and set up affirmative defenses, includ *1349 ing denial to her to choose between the two types of property insurance, the others not necessary to our present inquiry. Tower filed motion to strike the affirmative defenses, which the county court sustained on July 5, 1977. Appellant conceded that, without these affirmative matters, she could not defend the suit, and judgment was entered awarding the permanent possession of the replevied property to Tower. On July 13, 1977, the county court discharged and cancelled the replevin bond filed by Tower.
On July 14, 1977, appellant appealed the county court’s decision to the Circuit Court of Yazoo County, where, on July 6, 1978, that decision was reversed and the cause was remanded for trial on the merits.
In the meantime, on notice of intended sale given to appellant, Tower sold the collateral on October 5, 1977, applying the proceeds to appellant’s indebtedness.
From the circuit court’s judgment reversing the county court’s decision and remanding the case to the county court for trial, Tower has appealed, assigning as error this action of the circuit court.
These appeals were consolidated here, and have thus been considered.
The testimony for both parties in the chancery court trial leaves much to be desired in definiteness and certainty. The trial was had however, in the forum of appellant’s choice, there being no showing in the record that she did not wish the trial in that court at that time. The chancellor heard and considered the testimony and had witnesses present and observed their demeanor. Having done so, he concluded that appellant had not made out a cause for relief and cross complainant had shown itself entitled to money decree as sought. We cannot say that the decision was erroneous or against the weight of the evidence.
We may not reverse the decree on the conflicting testimony and issues. We therefore, affirm the chancery court’s decree. Richardson v. Riley, 355 So.2d 667, 668 (Miss.1978), and cases therein cited.
As shown hereinabove, the property replevied in the county court action was sold and the proceeds were applied by Tower to the indebtedness here involved. Credit was given therefor on Tower’s books, and the chancery record reflects an amount as being owing after this credit was given appellant, for which balance the decree was entered.
It is our view that the county court re-plevin suit has been effectually disposed of in the chancery court hearing and decree; that there remains nothing in the replevin action not already resolved; that the chancery court decision is res judicata, and the issues are now moot.
We, therefore, affirm the chancery court action, and dismiss as moot the county court replevin action. Bradley v. State, 355 So.2d 675, 676 (Miss.1978); Rawlings v. Claggett, 174 Miss. 845, 847-848, 165 So. 620 (1936).
CHANCERY COURT DECREE IN No. 51,545 AFFIRMED; CIRCUIT COURT REPLEVIN SUIT IN No. 51,393 FOUND MOOT AND DISMISSED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.