IRVING, P.J.,
for the Court:
¶ 1. The Rankin County Sheriffs Department arrested David Garland Atwood II on August 19, 2011, for using a computer to knowingly entice a minor to engage in sexually explicit conduct in violation of Mississippi Code Annotated section 97-5-33(6) (Supp.2012). On August 30, 2011, Atwood made an initial appearance in the County Court of Rankin County. The county court set Atwood’s bail at ten thousand dollars, which he posted on October 31, 2011. Rankin County officials released Atwood into the custody of Covington County, where, at the time of release, Atwood had pending charges.
¶ 2. On April 2, 2012, Atwood filed a petition for a writ of habeas corpus in the Rankin County Circuit Court, which dismissed the petition. Feeling aggrieved, Atwood appeals and argues (1) that the circuit court erroneously dismissed his pe *194 tition for habeas corpus relief; (2) that section 97-5-33(6) cannot be used to prosecute an individual who had consensual phone communications and other contact with a minor who is over the age of sixteen; (3) that section 97-5-33(6) is unconstitutionally vague and overly broad as applied to him; and (4) that section 97-5-33(6) requires proof of mens rea, thus allowing him to assert a “mistake of age” defense. Finding that the circuit court did not err in dismissing Atwood’s petition for habeas corpus, we affirm. We decline to address his additional issues,
FACTS
¶ 3. On August 19, 2011, the Rankin County Sheriffs Department arrested Atwood and alleged that he had engaged in the enticement of a minor in violation of section 97-5-33(6). According to Atwood, these charges resulted from text messages and other phone communications between himself and a sixteen-year-old male.
¶ 4. After his initial appearance in court, Atwood posted bail and was released into the custody of the Covington County Sheriffs Department. Ultimately, Covington County dropped the charges against Atwood. As a result of his arrest in Rankin County, federal law enforcement officials arrested Atwood for a violation of his federal probation terms. While awaiting a federal probation revocation hearing, Atwood petitioned the Rankin County Circuit Court for habeas corpus relief. In his petition, Atwood alleged that his arrest in Rankin County led to the possibility of his federal probation being revoked and, as such, he “is suffering both ‘confines of his liberty and a deprivation of his right not even to be prosecuted’ for the offense.” The circuit court dismissed Atwood’s petition after finding that he was not illegally confined or detained in Rankin County and that it lacked jurisdiction to entertain his motion.
¶ 5. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Atwood contends that the circuit court erred in dismissing his petition for a writ of habeas corpus. Specifically, he asserts that an individual who has been released on bail is sufficiently “in custody to challenge his arrest and detention through habeas corpus proceedings. However, the Mississippi Supreme Court has long held otherwise.
¶ 7. Mississippi Code Annotated section 11-43-1 (Rev.2012) provides:
The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in the cases expressly excepted.
In Ex parte Walker, 53 Miss. 366, 367 (1876), one of the earliest cases on this point, our supreme court stated that “[pjersons discharged on bail will not be considered as restrained of their liberty so as to be entitled to a writ of habeas corpus.” (Citations omitted). The court expressly reaffirmed its ruling in Walker in James v. Waldrop, 156 Miss. 322, 326, 126 So. 15, 16 (1930), and again in Keller v. Romero, 303 So.2d 481, 483 (Miss.1974). In Keller, the court also stated that the writ of habeas corpus could not be used “to prevent a trial on an indictment in this state[.]” Keller, 303 So.2d at 482.
¶ 8. Atwood’s case falls squarely under the precedent established by our supreme court. Rankin County officials released Atwood on bail soon after they arrested *195 him. According to established case law, an individual who has been released on bail is not entitled to a writ of habeas corpus. As such, the circuit court did not err in dismissing Atwood’s petition. This issue is without merit.
¶ 9. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.