# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00780-COA

**MILTON LEON SIMPSON A/K/A MILTON SIMPSON**                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2018 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MILTON LEON SIMPSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 07/23/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. After his arrest for identity theft and false pretense, Milton Simpson filed a petition for habeas corpus with the Lee County Circuit Court, which dismissed the petition in part and granted it in part. Simpson appeals the court's dismissal. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On March 29, 2018, Simpson was arrested after assuming a false identity and attempting to write a bad check for over $500 in goods at a business in Lee County. A waiver of initial appearance was entered, and the Lee County Justice Court set a $10,000

bond.[1] Simpson subsequently filed a "Petition for Great Writ of Habeas Corpus" with the circuit court on April 16, 2018, alleging: (1) illegal search; (2) arrest without probable cause; (3) the failure to provide him a copy of the affidavit of complaint; (4) unlawful detention; (5) denial of a preliminary hearing; (6) failure to provide adequate medical treatment during his confinement;[2] (7) excessive bail; and (8) unnecessary force.

¶3.     On May 1, 2018, Simpson was booked into the Shelby County, Tennessee jail on another charge. Because of his transfer to Tennessee's custody, the circuit court dismissed Simpson's claims of excessive bail and medical treatment as moot. Regarding Simpson's request for a preliminary hearing, the court granted the petition in part, ordering a hearing before the Lee County Justice Court upon his return to Mississippi custody.[3] Simpson appeals, claiming the court improperly dismissed a portion of his claims "without addressing certain facts requiring relief in the form of dismissing the charges." The circuit court granted Simpson's motion to proceed in forma pauperis (IFP) on appeal.

## STANDARD OF REVIEW

---

[1] On April 5, 2018, Simpson filed two inmate complaint forms with the Lee County/Tupelo jail. The first one asserted that he was not "provided a[n] adequate due process notice describing what [he] allegedly did or what crime [he] allegedly committed." On the second form, he requested an initial appearance; the shift sergeant responded that Simpson had signed the waiver of appearance.

[2] Simpson claimed that he suffers from pre-existing medical issues including cancer, chronic obstructive pulmonary disease, arthritis, and high blood pressure.

[3] The State asserts that Simpson was indicted on June 27, 2018, but this information is not contained in the Court's record.

¶4.     In a habeas corpus proceeding, the trial court's judgment is "presumptively correct"; so the court's judgment will not be disturbed on appeal unless it is evident that the court tried the case "upon an erroneous conception of the law, or that the judgment is erroneous upon the facts." *Smith v. Banks*, 134 So. 3d 715, 718-19 (¶8) (Miss. 2014).

## DISCUSSION

¶5.     Simpson raises several issues on appeal—failure to provide adequate legal assistance, failure to prosecute, sovereign immunity—not raised in his petition before the circuit court. Issues not raised before the trial court may not be raised on appeal. *Austin v. State*, 971 So. 2d 1286, 1288 (¶8) (Miss. Ct. App. 2008). Therefore, these suggestions of error are procedurally barred from appellate review.

¶6.     In his petition for habeas corpus, Simpson alleged that the excessive bail the court set constituted illegal confinement due to his failure to pay. He also asserted that the failure to provide him with adequate medical treatment was a restraint of his liberty in violation of 42 United States Code section 1983. The writ of habeas corpus extends "to all cases of illegal confinement or detention by which any person is deprived of his liberty . . . except in those cases expressly excepted." Miss. Code Ann. § 11-43-1 (Rev. 2012). However, because Simpson was transferred out of Mississippi custody prior to the court's consideration of the petition, the circuit judge determined that the issues of excessive bail and adequate medical treatment while in custody were moot. We find no error in the judge's ruling.

¶7.     In *Crosby v. State*, 191 Miss. 315, 2 So. 2d 844, 845 (1941), the Mississippi Supreme

3

Court held that an appeal of a trial court's denial of bail was moot because the prisoner had obtained bond and been released from custody; *accord Reed v. Gilfoy*, 148 So. 2d 714, 715 (Miss. 1963) (finding the appeal of the trial court's denial of release on bond was moot because the appellant was no longer in the sheriff's custody but had been transferred to a mental health facility).

¶8.     In *Herman v. Holiday*, 238 F. 3d 660, 663 (5th Cir. 2001), an inmate brought a section 1983 claim against prison officials,[4] alleging they violated the Eighth Amendment's prohibition against cruel and unusual punishment by allowing him to be exposed to asbestos and other unsanitary conditions at the detention center. After the defendants moved for summary judgment, the district court concluded that the inmate's transfer to another facility rendered his claims for injunctive relief moot. *Id*. at 633. The United States Court of Appeals for Fifth Circuit affirmed the judgment and reasoned that the possibility of transfer back to the prior facility was "too speculative to warrant relief." *Id*. at 665. *See also Hale v. Harrison Cty. Bd. of Supervisors*, No. 1:14CV61-LG-JCG, 2015 WL 778801, at *3 (S.D. Miss. Feb. 24, 2015) (finding inmate's claim of inadequate medical care rendered his claim for injunctive relief moot as he was transferred to another facility within a month) (citing *Cooper v. Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991)). Accordingly, we affirm the circuit court's dismissal.[5]

_____

[4] *See* 42 U.S.C. §1983.

[5] The remaining issues raised in Simpson's petition—probable cause, illegal search, failure to provide an affidavit of complaint—challenged the validity of the charges against

¶9. We find it unnecessary to address the State's remaining arguments (e.g., insufficient service of process, statute of limitations, failure to exhaust administrative remedies) in support of the court's dismissal, except for its claim regarding the granting of IFP status on appeal. The State contends that the circuit court should not have granted Simpson's motion for leave to proceed IFP on appeal because the petition was a civil action. "It is a well-settled rule of law that there is no right to appeal [IFP] in a civil action, unless a fundamental right is at issue." *Schonewitz v. Pack*, 913 So. 2d 416, 423 (¶28) (Miss. Ct. App. 2005) (citing *Nelson v. Bank of Miss.*, 498 So. 2d 365, 366 (Miss. 1986)). The circuit court granted IFP based on its determination that Simpson's claim of excessive bail constitutes a fundamental right. In *Lee v. Lawson*, 375 So. 2d 1019, 1021 (Miss. 1979), the supreme court held that the right to bail is considered to be a fundamental right. As Simpson is appealing, inter alia, the issue of excessive bail, we find the court did not err in granting Simpson's motion for leave to proceed IFP on appeal.

¶10. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

---

him, making them more appropriate for consideration at his preliminary hearing or at trial. *See Smith*, 134 So. 3d at 719 (¶9) ("[A] habeas corpus writ cannot be used as a collateral method to prevent a trial on an indictment in this state.").