# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00829-COA

**DANIEL JEANTY**                                                                      **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                                           **APPELLEE**

DATE OF JUDGMENT:                    04/03/2013
TRIAL JUDGE:                              HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:    RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          DANIEL JEANTY (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                                BY: STEPHANIE BRELAND WOOD
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:           MOTION FOR POST-CONVICTION RELIEF
                                                DISMISSED
DISPOSITION:                             AFFIRMED - 10/07/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     Daniel Jeanty, a native and citizen of Haiti, appeals the dismissal of his second motion for post-conviction relief (PCR). He argues his counsel was ineffective for not informing him he faced deportation if he pled guilty. After review, we find Jeanty's PCR motion is both untimely and successive to an earlier PCR motion. So it fails on procedural grounds. We also find the motion has no substantive merit because the current law that attorneys must advise clients of the potential risk of deportation resulting from a guilty plea did not exist when Jeanty entered his guilty pleas. We thus affirm the denial of his PCR motion.

### Facts and Procedural History

¶2. In 1997, Jeanty came to the United States from Haiti. Two years later, he became a "lawful permanent resident." On May 23, 2005, Jeanty was convicted of business burglary and sentenced to serve seven years, with six years suspended, and five years of supervised probation. His probation was partially revoked in July 2007 after he was charged with motor-vehicle theft and felony evasion. Jeanty was then ordered to serve five years with the Mississippi Department of Corrections (MDOC), with no return to probation.

¶3. On July 18, 2007, Jeanty pled guilty to motor-vehicle theft and felony evasion. He was sentenced to serve concurrent sentences of six years and five years. Jeanty's sentences were fashioned so he would serve one year, then be released on supervised post-release supervision. And these sentences were ordered to run consecutively to his earlier burglary sentence.

¶4. On November 13, 2012, Jeanty filed his first PCR motion. He argued his lawyer was ineffective for not advising him he could be deported if he pled guilty. The circuit court dismissed the PCR motion as untimely.

¶5. On November 28, 2012, Jeanty received notice to appear at a removal hearing.[1] This notice informed Jeanty his convictions subjected him to removal from the United States.[2]

¶6. On March 28, 2013, Jeanty filed a motion for a writ of coram nobis to vacate his

---

[1] *See* section 240 of the Immigration and Nationality Act.

[2] A hearing was set for April 15, 2013, but there is nothing in the record that shows the hearing took place.

guilty pleas.[3] The circuit court properly treated it as a PCR motion.[4] Jeanty again argued the same ground as his first PCR motion—that his lawyer was ineffective for not advising him of the possibility of removal. The circuit court dismissed this PCR motion as time-barred and successive-writ barred. Jeanty appealed.

**Discussion**

¶7. In reviewing the dismissal of a PCR motion, we "will not disturb the circuit court's factual findings unless they are clearly erroneous." *Smith v. State*, 118 So. 3d 180, 182 (¶6) (Miss. Ct. App. 2013) (citing *Holloway v. State*, 31 So. 3d 656, 657 (¶5) (Miss. Ct. App. 2010)). We review questions of law de novo. *Id*.

**I.     Time-Bar**

¶8. A PCR motion following a guilty plea is untimely unless filed within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). Here,

---

[3] In his motion, Jeanty contested several convictions: business burglary, motor-vehicle theft, and felony evasion. We note that a PCR motion "shall be limited to the assertion of a claim for relief against one (1) judgment only. If the petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." Miss. Code Ann. § 99-39-9(2) (Supp. 2014). *See also McCoy v. State*, 941 So. 2d 879, 881 (¶3) (Miss. Ct. App. 2006) ("Where a petitioner seeks post-conviction relief on multiple judgments against him, he must file one post-conviction motion for each of the challenged judgments."). Here, Jeanty improperly contested several judgments in one PCR motion.

[4] The PCR statutes "explicitly replaced the writ of error coram nobis." *Morris v. State*, 918 So. 2d 807, 808 (¶4) (Miss. Ct. App. 2005) (citing Miss. Code Ann. § 99-39-3(1) (Rev. 2007)). This statute states that it "repeals the statutory writ of error coram nobis" and that the "relief formerly accorded by such writs may be obtained by an appropriate motion under this article." Miss. Code Ann. § 99-39-3(1). Thus, the circuit judge properly treated Jeanty's motion as one for post-conviction relief.

Jeanty's judgments of conviction were entered on May 23, 2005, and July 18, 2007. So his most recent PCR motion is time-barred since it was not filed until 2013.

## II. Successive-Writ Bar

¶9. The Uniform Post-Conviction Collateral Relief Act also bars PCR motions from appellate review if the movant has filed a previous PCR motion. Miss. Code Ann. § 99-39-23(6) (Supp. 2014). The circuit judge dismissed Jeanty's first PCR motion on November 13, 2012. And his latest PCR motion raises the same issue as his first one. Thus, Jeanty's latest PCR motion is also barred as a successive writ.

## III. Ineffective Assistance of Counsel

¶10. There is also no merit to Jeanty's claim that his lawyer was ineffective for not telling him he could be deported if he pled guilty. To prove ineffective assistance of counsel, Jeanty had to show (1) his counsel's performance was deficient and (2) this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Jeanty has failed on both prongs.

¶11. While the United States Supreme Court in 2010 held that a lawyer must advise a client "whether his plea carries a risk of deportation," *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010), this rule did not exist when Jeanty entered his guilty pleas in 2005 and 2007. And the Supreme Court has held the new rule announced in *Padilla* does not apply retroactively. *See Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013) (*Padilla* does not apply retroactively to convictions that became final before *Padilla* was decided). Because *Padilla*'s mandate did not exist when Jeanty pled guilty to his various crimes, he cannot

4

show deficiency or prejudice from his attorney's representation. We thus affirm the dismissal of Jeanty's most recent PCR motion.

¶12. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**