# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01353-COA

**CLAYTON PAUL BATEMAN A/K/A CLAYTON P. BATEMAN A/K/A CLAYTON BATEMAN**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/2016 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CLAYTON PAUL BATEMAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 09/25/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. Clayton Bateman, appearing pro se, appeals the Harrison County Circuit Court's dismissal of his "Motion for Relief from Judgment" for lack of jurisdiction. Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. In January 2010, Bateman was indicted for three counts of sexual battery and two counts of lustful touching of a child. The victims were his two daughters, aged eight and nine. In February 2011, Bateman, appearing pro se, filed a "Petition for Habeas Corpus in

PreConviction," claiming he was illegally imprisoned and requesting "immediate release." The petition was filed after his indictment but approximately one year before his trial. Bateman argued that the circuit court, or any court within the State, lacked jurisdiction over his case because the boundaries of the State of Mississippi had allegedly been dissolved by constitutional amendment in 1990,[1] and the court's jurisdiction is dependent upon these constitutional boundaries. He claimed the State took his liberty by "fraud." Additionally, Bateman alleged that his indictment was void from lack of jurisdiction, and the court's officers, including the circuit-court judge, were illegitimate "agents of the state" because they had not provided him with their oaths of office.[2] Finally, he requested copies of transcripts of his proceedings, appointment of counsel, and an evidentiary hearing on his petition.

¶3.     On February 7, 2012, the day before trial commenced, a hearing was held on

---

[1] Bateman is referring to Senate Concurrent Resolution Number 520, which proposed to repeal Section 3 of Article 2 of the Mississippi Constitution of 1890, which identified the boundaries of the State. The resolution was adopted by both the Mississippi Senate and House of Representatives in February and March 1990, respectively. The electorate ratified the amendment in November 1990, and the Secretary of State proclaimed Section 3 repealed in December 1990. *See* Laws, 1990, Ch. 692, eff. December 19, 1990. In 2013, the Legislature amended section 3-3-1 of the Mississippi Code to exchange a reference to Section 3, Article 2 with a reference to "the boundaries described in the act of Congress of March 1, 1817, together with all territory ceded to the State of Mississippi by later acts of Congress or by compacts or agreements with other states, as such territory and boundaries may have been or may be modified by the United States Supreme Court . . . ." *See* Chapter 23, 14th Cong., 2 Stat. 348 (1817) (enacted).

[2] Apparently Bateman requested the oaths to question the validity of the judicial officers and judges.

Bateman's habeas-corpus petition, as well as other pro-se pretrial motions he had filed.[3] The circuit court denied his petition and motions from the bench. Bateman proceeded to trial, where a jury convicted him of two counts of sexual battery and two counts of touching of a child for lustful purposes. Bateman was sentenced to thirty years for each count of sexual battery, to run concurrently. He was sentenced to fifteen years for each count of touching of a child for lustful purposes, to run consecutively to each other, and concurrently with the two counts of sexual battery, all in the custody of the Mississippi Department of Corrections. Bateman appealed, and the Mississippi Supreme Court affirmed his convictions and sentences in *Bateman v. State*, 125 So. 3d 616 (Miss. 2013).

¶4. On February 16, 2016, approximately four years after his conviction, Bateman filed a "Motion for Relief from Judgment" under Mississippi Rule of Civil Procedure 60(b)(4) and (6). In the motion, Bateman reiterated and elaborated the arguments of his habeas-corpus petition, claiming that the judgment (presumably of conviction) was void and the State committed a fraud upon the court because the court lacked jurisdiction. The circuit court treated the motion as one for post-conviction relief (PCR) under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) of Mississippi Code Annotated section 99-39-1 through -29 (Rev. 2015). The circuit court ruled that it lacked jurisdiction

---

[3] Bateman initially complained that he was not represented by counsel at his pretrial motions hearing, but then he modified his argument to state his counsel "refused to assist" him and "did nothing"; however, contrary to Bateman's assertions, his appointed counsel was present and available, but Bateman insisted on arguing the motions himself.

to hear the motion because, under post-conviction relief procedures, Bateman failed to request permission from the Mississippi Supreme Court to file the motion under section 99-39-7.[4] Bateman timely appealed.

**STANDARD OF REVIEW**

¶5.     This Court reviews the circuit court's denial or dismissal of a PCR motion for abuse of discretion. The circuit court's findings will only be disturbed if they are clearly erroneous. *Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009). Questions of law are reviewed de novo. *Id.*

**ANALYSIS**

¶6.     Bateman makes two arguments on appeal—one procedural and one substantive. Procedurally, he argues that the circuit court misconstrued his self-styled "Motion for Relief from Judgment" as a PCR motion. Bateman claims the motion was in response to the denial of his habeas-corpus petition four years earlier and should be treated as such; it was not a post-conviction collateral challenge. Substantively, he claims that the State of Mississippi lacked jurisdiction over his entire criminal proceeding because the State has no boundaries due to the 1990 Mississippi constitutional amendment of Section 3 of Article 2.

¶7.     We find the circuit court did not err in considering Bateman's motion as one for post-conviction relief. Bateman had already been convicted once he filed the motion, and the

---

[4] Further, the circuit court found that even if it had jurisdiction, Bateman's arguments were without merit.

circuit court properly dismissed the motion for lack of jurisdiction.

¶8.    Proper post-conviction procedure mandates that where a criminal defendant's case is affirmed on direct appeal, the defendant must obtain permission from the Mississippi Supreme Court to seek post-conviction relief from the circuit court. Miss. Code Ann. § 99-39-7 (Rev. 2007). "This procedure is not merely advisory, but jurisdictional." *Doss*, 757 So. 2d at 1017 (¶6). Here, the circuit court considered Bateman's filing as a PCR motion. Bateman's conviction and sentence had been previously affirmed on direct appeal by the supreme court; therefore, he was required to obtain permission from the supreme court to seek post-conviction relief, but he failed to do so. Accordingly, the circuit court lacked jurisdiction to consider the merits of Bateman's motion. *See Cortez v. State*, 9 So. 3d 445, 446 (¶6) (Miss. Ct. App. 2009).

¶9.    In an apparent attempt to avoid the requirement of obtaining permission from the supreme court to file a PCR, Bateman contends that his "Motion for Relief from Judgment" is not a PCR motion, as the circuit court considered it, but a response to the circuit court's ruling on his habeas-corpus petition. Therefore, he claims the circuit court should not have dismissed his motion. We disagree.

¶10.    In Mississippi, the writ of habeas corpus is "narrow in its scope and applicability" unlike the "boundless" federal habeas corpus. *Nelson v. Tullos*, 323 So. 2d 539, 542 (Miss. 1975). A writ of habeas corpus tests "the legality of a petitioner's detention *prior to conviction*." *Id.* (emphasis added). "The function of the habeas corpus court in Mississippi

5

in criminal cases is to release a prisoner who is being unlawfully held or to grant [the prisoner] a bail bond which [the prisoner] can make." *Smith v. Banks*, 134 So. 3d 715, 719 (¶9) (Miss. 2014) (quoting *Keller v. Romero*, 303 So. 2d 481, 483 (Miss. 1974)). After a defendant has been indicted, the habeas-corpus court has no power to discharge the defendant, but the court is limited to granting bail. *Id.* (citing *Street v. State*, 43 Miss. 1, 30 (1870)). Further, a habeas-corpus writ cannot "be used as a collateral method to prevent a trial on an indictment." *Id.*

¶11.     Prior to the 1984 enactment of the UPCCRA, habeas-corpus procedure for both pre- and post-conviction matters was governed by Chapter 43 of Title 11 of the Mississippi Code Annotated of 1972.[5] The UPCCRA "repealed *post-conviction* use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges." *Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 677 (¶8) (Miss. 2001) (citing Miss. Code Ann. § 99-39-3 (Rev. 2015)) (emphasis added). Mississippi appellate courts have stated the UPCCRA, "in the pure post-conviction collateral relief sense, is arguably 'post-conviction habeas

---

[5] The UPCCRA specifically repealed the statutory writ of error coram nobis and abolished the common law writs relating to post-conviction collateral relief, including post-conviction habeas corpus. The UPCCRA explains that "relief formerly accorded by such writs may be obtained by an appropriate motion under this article." However, "[t]he enactment of this article does not affect any pre-conviction remedies." Miss. Code Ann. § 99-39-3 (Rev. 2015). Portions of Chapter 43, Title 11, were amended to exclude post-conviction claims from that chapter. *See* Miss. Code Ann. § 11-43-3 (Rev. 2012) (excepting post-conviction relief from chapter) and -9 (deleting reference to claims by inmates).

corpus renamed.'" *Putnam v. Epps*, 963 So. 2d 1232, 1234 (¶5) (Miss. Ct. App. 2007) (citing *Walker v. State*, 555 So. 2d 738, 740-41 (Miss. 1990)). Now, if inmates request post-conviction relief, the UPCCRA must be followed. *See* Miss. Code Ann. § 99-39-3 (explaining the purpose of UPCCRA).

¶12.    Bateman claims he may utilize a writ of habeas corpus to seek "immediate release" post-conviction because the circuit court lacked jurisdiction over his case. In support, he quotes the following passage in *Allred v. State*, 187 So. 2d 28, 30 (1966): "In this state the writ of habeas corpus has a limited function:  to inquire into the competency and *jurisdiction* of the tribunal and to determine *whether or not it had jurisdiction* to enter the judgment on conviction." (Quoting *Smith v. State*, 155 So. 2d 494, 495 (1963)) (emphasis added). These cases were, however, decided prior to the enactment of the UPCCRA. "[R]elief formerly accorded by such writs may be obtained by an appropriate motion under [the UPCCRA]." *Jeanty v. State*, 148 So. 3d 1056, 1058 (¶6) n. 4 (Miss. Ct. App. 2014).

¶13.    Next, Bateman attempts to evade the fact his motion was filed post-conviction by pointing out that it was filed under Rules 60(b)(4) and (6) of the Mississippi Rules of Civil Procedure, and claiming it relates back to his "preconviction" habeas-corpus petition. These portions of Rule 60 allow the trial court to provide relief from judgment when the judgment is void or "any other reason justifying relief from the judgment," respectively. However, neither of these conditions apply to the case before us. Moreover, a motion under Rule 60(b)(4) or (6) must be made in a "reasonable time." Four years after the ruling is not

7

"reasonable."

¶14. Bateman also complains that the circuit court never entered an order denying his writ of habeas-corpus petition; therefore, he could not "appeal" in a timely manner, and his due-process rights were violated. He also claims he requested the cause's "final disposition" from the circuit-court clerk but received no response. We find these complaints without merit. Bateman was present and represented himself at the hearing, and heard first-hand the circuit-court judge's "final disposition" of his petition. The next day his trial began. Bateman was convicted and that conviction was upheld on appeal. Any relief must be obtained through the post-conviction procedures outlined in the UPCCRA. Bateman did not obtain permission from the supreme court; therefore, neither the circuit court nor this Court has jurisdiction. Should he wish to continue his novel argument, Bateman must obtain permission from the supreme court.

¶15. The circuit court did not err in dismissing Bateman's PCR motion for lacking jurisdiction.

¶16. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**