# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01548-COA

**LEO LAURENT JR. A/K/A LEO LUCAS LAURENT JR. A/K/A LEO LAURENT**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                                                          APPELLEE

DATE OF JUDGMENT:                09/17/2018
TRIAL JUDGE:                           HON. ROGER T. CLARK
COURT FROM WHICH APPEALED:   HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       LEO LAURENT JR. (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                      BY: BILLY L. GORE
NATURE OF THE CASE:             CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 10/22/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     In this appeal, a petitioner failed to seek permission from the Mississippi Supreme Court before filing his petition for postconviction relief (PCR). He did so anyway, and the trial court dismissed the petition for lack of jurisdiction. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Leo Laurent Jr. was convicted of murdering his wife and sentenced to life in prison. This Court affirmed his conviction and sentence in *Laurent v. State*, 94 So. 3d 1232, 1236 (¶19) (Miss. Ct. App. 2012). Laurent twice sought permission to file a PCR petition as required by Mississippi Code Annotated section 99-39-7 (Rev. 2015), but the Mississippi

Supreme Court denied his requests.[1] Undeterred, Laurent filed his PCR petition in the trial court. The trial court denied the petition for lack of jurisdiction.

¶3. On appeal, Laurent argues that he was denied a mental evaluation and that his trial counsel was ineffective.

## STANDARD OF REVIEW

¶4. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017).

## DISCUSSION

¶5. Laurent's case was affirmed on direct appeal, so he was required to seek permission from the Supreme Court before filing his PCR petition in the trial court. § 99-39-7. "This procedure is not merely advisory, but jurisdictional." *Bateman v. State*, 267 So. 3d 793, 796 (¶8) (Miss. Ct. App. 2018).

¶6. Because the Supreme Court denied Laurent permission to file his petition, the trial court properly dismissed Laurent's PCR petition for lack of jurisdiction. As a result, we affirm.

¶7. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**

---

[1] The Court denied his first request in 2013 and the second in 2018.