# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00324-COA

**RENO FENELLI SIGGERS A/K/A RENO F. SIGGERS A/K/A RENO SIGGERS**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/23/2023 |
| TRIAL JUDGE: | HON. WILLIAM HUNTER NOWELL |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RENO FENELLI SIGGERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 08/27/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**EMFINGER, J., FOR THE COURT:**

¶1.     On May 12, 2021, Reno Fenelli Siggers filed a pro se pleading in the Circuit Court of Tunica County, Mississippi, which he titled "Habeas Corpus." Treating this pleading as a motion for post-conviction collateral relief (PCR), on July 28, 2021, the circuit court entered an order dismissing the petition for lack of jurisdiction.[1] Siggers appealed, and this Court found that Siggers was not required to obtain permission from the Mississippi Supreme Court before filing his pleading because his conviction and sentence had not been directly

---

[1] The circuit court found that Siggers' May 12, 2021 filing was his fourth PCR motion and that he was required to obtain permission from the Mississippi Supreme Court prior to filing the motion.

appealed.[2] Therefore, this Court reversed the circuit court's order of dismissal and remanded the matter for further proceedings. Upon remand, the circuit court again treated the pleading as a PCR motion and summarily denied Siggers' claims for relief. Aggrieved once again, Siggers appealed.

## FACTS AND PROCEDURAL HISTORY

¶2. In his May 12, 2021 pleading, which he styled as "Habeas Corpus," Siggers stated that he was tried and convicted of murder in the Circuit Court of Tunica County, Mississippi, on April 2, 1995.[3] He was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. In the circuit court's order denying relief, the court stated that Siggers' first PCR motion was denied on March 26, 1996. His second PCR motion was denied on June 14, 1996.[4]

¶3. Siggers was granted conditional parole on October 27, 2011. On May 18, 2018, Siggers committed an act of simple domestic violence.[5] Then, on June 15, 2018, Siggers committed an act that resulted in him being charged with aggravated domestic violence. As a result of the simple domestic-violence charge, Siggers' parole was revoked on July 18, 2018, and he was sentenced to serve 120 days in a technical violation center. He was again

---

[2] *See Siggers v. State*, 352 So. 3d 667 (Miss. Ct. App. 2022).

[3] There is no evidence in the record and no reported case to show that Siggers filed a direct appeal of his conviction and sentence.

[4] Neither of these PCR motions nor the orders denying relief are a part of the record in this appeal.

[5] Siggers was found guilty of this simple domestic violence charge on February 13, 2019, and was sentenced to serve thirty days in jail, with fifteen days suspended.

released on parole on November 15, 2018.[6]

¶4. In August 2019, Siggers' parole was again revoked, this time for the June 15, 2018 aggravated domestic-violence charge. In December 2019, Siggers filed an unsuccessful PCR motion challenging his August 2019 revocation, which he apparently did not appeal. Siggers was again released on parole on March 11, 2020.

¶5. On March 10, 2021, Siggers was arrested and charged with aggravated domestic violence and simple domestic violence, his wife being the victim in both charges. When he was arrested, Siggers tested positive for marijuana. The parole board issued a retake warrant for Siggers on March 11, 2021, while Siggers was still incarcerated on the new charges.

¶6. On May 12, 2021, Siggers filed the "Habeas Corpus" challenging the legality of his incarceration on the new charges and arguing that he was being illegally held on a parole violation because he had not received a timely final revocation hearing.[7] As noted above, the circuit court treated the "Habeas Corpus" as a PCR motion and dismissed it for lack of jurisdiction on July 28, 2021. When that order was reversed and the case was remanded to the circuit court, the court summarily denied Siggers' claim for relief, finding that Siggers had not met his evidentiary burden to support his claim of ineffective assistance of counsel and that the failure to timely conduct his revocation hearing was harmless error. The order was filed on February 23, 2023. Siggers then brought this appeal.

---

[6] Siggers filed a PCR motion challenging the July 18, 2018 revocation in June 2021. The circuit court denied his claim for relief, and this Court affirmed the denial. *Siggers v. State*, 342 So. 3d 1213 (Miss. Ct. App. 2022).

[7] Siggers' parole was finally revoked on June 8, 2021.

3

## ANALYSIS

¶7.     We find that the "Habeas Corpus" Siggers filed on May 12, 2021, was a true petition for habeas corpus challenging what he alleged to be his illegal detention, as to both the new crimes he had been charged with in justice court and the effort to revoke his parole. *See* Miss. Code Ann. § 11-43-1 (Rev. 2019); UCRCCC 2.07. This was not a PCR motion. Siggers was not challenging his murder conviction or his sentence for murder. Siggers was not challenging his parole revocation because it had not been finally revoked. Siggers was challenging what he contended to be a prolonged illegal detention on the pending misdemeanor charges and his detention for a parole violation when he had not had a timely final hearing. This is one of the remaining functions of a petition for a writ of habeas corpus. In *Bateman v. State*, 267 So. 3d 793, 796-97 (¶10) (Miss. Ct. App. 2018), this Court stated:

> A writ of habeas corpus tests **"the legality of a petitioner's detention prior to conviction."** *Id*. . . . "The function of the habeas corpus court in Mississippi in criminal cases is to release a prisoner who is being unlawfully held or to grant [the prisoner] a bail bond which [the prisoner] can make." *Smith v. Banks*, 134 So. 3d 715, 719 (¶9) (Miss. 2014) (quoting *Keller v. Romero*, 303 So. 2d 481, 483 (Miss. 1974)).

(Bold added) (other emphasis omitted). Siggers had not been convicted of the misdemeanor, had not been able to post bond, and his parole had not been revoked. The fact that Siggers styled this petition as "Habeas Corpus" was no accident; he knew exactly what he was doing. After all, he had previously filed at least three PCR motions, with one of those challenging a parole revocation.[8]

---

[8] Clearly this filing was not a "post-conviction habeas corpus" action that Mississippi Code Annotated section 99-39-3(1) (Rev. 2020) abolished, as argued by the dissent.

4

¶8.     This conclusion is reinforced by the fact that as of May 12, 2021, there had been no final revocation hearing for Siggers to challenge by a PCR motion. Siggers' final revocation occurred on June 8, 2021, rendering his "Habeas Corpus" moot as it related to his parole revocation. Thereafter, Siggers could have filed a PCR motion based upon a claim that his parole had been unlawfully revoked, *see* Miss. Code Ann. § 99-39-5(1)(h) (Rev. 2020), which he did on January 13, 2023. The circuit court obviously did not consider or rule on this pleading in rendering the court's February 23, 2023 "Order Denying Petition for Post-Conviction Collateral Relief." The circuit court only dealt with the matters this Court remanded.

¶9.     Siggers' "Motion for Post Conviction Relief M.C.A. § 99-39-5" filed on January 13, 2023, was filed in the same cause number as the "Habeas Corpus." The circuit clerk should have filed the action under a new civil cause number.  While we find that the trial court erred by treating the "Habeas Corpus" as a PCR motion, we affirm the denial of the "Habeas Corpus" because the issue presented became moot once the final revocation hearing was held.[9] Nonetheless, we remand the matter to the circuit court to consider Siggers' timely filed January 13, 2023 PCR motion through the regular statutory process.

¶10.    **AFFIRMED AND REMANDED.**

---

[9] *See Boone v. State*, 148 So. 3d 377, 379 (¶7) (Miss. Ct. App. 2014):

"[A]n appellate court may affirm a trial court['s decision] if the correct result is reached, even if the trial court reached the result for the wrong reasons." *Harper v. State*, 102 So. 3d 1154, 1161 (¶21) (Miss. Ct. App. 2012) (quoting *Methodist Hosp. of Hattiesburg Inc. v. Richardson*, 909 So. 2d 1066, 1070 (¶7) (Miss. 2005)).

**CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., AND WESTBROOKS, J.; McCARTY, J., JOINS IN PART.**

**McDONALD, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶11. I agree with the majority that this case should be remanded. However, I disagree with the majority's reasons, including its holding that Siggers's original pleading was a true habeas corpus petition and not a PCR motion. Further, I disagree that on remand the circuit court should consider only Siggers's last PCR motion filed on January 23, 2023, "through the regular statutory process." Instead, I would hold that Siggers's "habeas" filing was properly considered as a PCR motion under the Uniform Post Conviction Collateral Relief Act,[10] and he raised critical due process violations that warranted a full evidentiary hearing. Thus, the circuit court erred in summarily denying Siggers's motions. Further, although the majority does not address it, it is evident that Siggers established good cause for the discovery he proposed, and the circuit court abused its discretion in not ordering the parole board to respond. Consequently, on remand, the circuit court should order the State and parole board to respond to the discovery requests prior to conducting the evidentiary hearing.

***Facts***

---

[10] Mississippi Code Annotated section 99-39-5(1)(h) (Rev. 2020) states:

(1) Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated . . . may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims:

. . . .

(h) . . . his probation, parole or conditional release [was] unlawfully revoked[.]

6

¶12. The majority's condensed version of Siggers's facts needs expansion to understand what Siggers was challenging and when.

¶13. In February of 2021, Siggers was a convicted murderer on parole.[11] On February 17, 2021, and February 24, 2021, Siggers's wife signed affidavits alleging that Siggers had physically abused her and Siggers was arrested on March 10, 2021.[12] On March 11, 2021, Mississippi Department of Corrections (MDOC) issued and served Siggers with a "Warrant for Arrest of Paroled Prisoner" based on the violation of the terms of his parole. The warrant alleged that Siggers violated two conditions of his parole order, stating:

> CONDITION 6: Offender tested positive on 3/10/2021 for Marijuana (THC) upon arrest"[13] and "CONDITION 9: Offender was arrested on a warrant from the Tunica County Sheriff Department for Domestic Aggravated Assault and Domestic Simple Assault.

On March 12, 2021, Siggers signed the "papers" to have his preliminary revocation hearing rescheduled beyond the required seventy-two hours.[14]

---

[11] Many of the facts for these previous charges and parole violations have been discussed more fully in our previous opinions. *Siggers v. Epps*, 962 So. 2d 78 (Miss. Ct. App. 2007); *Siggers v. State*, 342 So. 3d 1213 (Miss. Ct. App. 2022); *Siggers v. State*, 352 So. 3d 667 (Miss. Ct. App. 2022), *cert. denied Siggers v. State*, 354 So. 3d 308 (Miss. 2023).

[12] On March 22, 2023, the wife later signed another affidavit recanting the February 17 and 24 affidavits, stating, "Reno Fenelli Siggers did not assault me on February 17, 2021 or February 24, 2021."

[13] The State never presented any proof that Siggers had used marijuana. The circuit court relied on Siggers's admission of drug use; however, Siggers stated in his pleadings that he had only used an over-the-counter CBD product that purported to be THC-free.

[14] Mississippi Code Annotated section 47-7-27(4) (Supp. 2018) states:

Whenever an offender is arrested on a warrant for an alleged violation of

7

¶14.    On March 25, 2021, Siggers attended a preliminary revocation hearing via telephone at Field Agent George's office.  Siggers claims that Major Logan testified at this hearing; however, the record does not contain a docket, recording, minutes, or transcript of this hearing.  That same day, following the hearing, the parole board issued a "Warrant for Retaking Paroled Prisoner," having found "reasonable cause to believe that [Siggers] . . . violated his parole agreement in that: He failed to not use drugs; failed to abide by the law & immediate notification: committed-Domestic Aggravated Assault, Domestic Simple Assault."  This warrant was executed and Siggers was returned to the custody of MDOC, which detained him for a final hearing on the revocation of his parole.

¶15.    On April 1, 2021, Siggers complained to officers at MDOC that no final revocation hearing had been held within the twenty-one days following his original arrest as required by the statute.[15]  Siggers retained an attorney, who filed a "Motion to Dismiss Petition for Revocation and Warrant for Retaking Paroled Prisoner" with the parole board on April 6, 2021.  In the motion, Siggers claimed that MDOC failed to file a petition for revocation and

parole as herein provided, the board shall hold an informal preliminary hearing within seventy-two (72) hours to determine whether there is reasonable cause to believe the person has violated a condition of parole. A preliminary hearing shall not be required when the offender is not under arrest on a warrant or the offender signed a waiver of a preliminary hearing. The preliminary hearing may be conducted electronically.

[15] Mississippi Code Annotated section 47-7-27(6)(b) provides:

If the board does not hold a hearing or does not take action on the violation within the twenty-one-day time frame in paragraph (a) of this subsection, the parolee shall be released from detention and shall return to parole status. . . .

that the parole board violated the statute by not holding a final revocation hearing within twenty-one days of Siggers's original arrest. This motion also noted that Siggers's wife had recanted her domestic abuse affidavits.

*April 13, 2021 Final Revocation Hearing*

¶16. On April 13, 2021, Siggers was brought to a parole office to have a telephonic final revocation hearing. Siggers asserted that he had received no notice of this hearing, that his attorney was not present and had not received notice, that he was unable to confront witnesses due to the telephonic nature of the hearing, and that he was unable to present evidence. When Siggers raised these issues to the parole board, Chairman Pickett asked Siggers if he wanted to "continue," to which Siggers responded "yes." At this time, Pickett hung up the phone. The record does not contain a transcript, minutes, or a recording of this hearing either.

*May 12, 2021 Habeas Petition*

¶17. On May 12, 2021, Siggers filed his original pleading in the circuit court, which he titled a "Habeas" but which the circuit court considered as a PCR motion. In this petition, Siggers named a number of parties, including the parole board, and raised a number of issues, including but not limited to the parole board's alleged violations of his due process rights by failing to hold a final revocation hearing within twenty-one days of his arrest, failing to provide him notice of the April 13, 2021 hearing, failing to notify his attorney to be present, and not allowing him to confront witnesses or present evidence due to the telephonic nature of the hearing. It is clear that in this pleading, Siggers, a convicted felon, was not

9

challenging a general pre-trial detention; instead, he was challenging his detention pursuant to what he believed was the wrongful revocation of his parole without due process.

*June 8, 2021 Parole Board Hearing*

¶18. On June 8, 2021, the parole board convened another hearing with Siggers's attorney present in person and Siggers participating via electronic means. The record does not contain the minutes, recording, or transcription of this hearing for us to determine what actually occurred. But Siggers alleged that there were only two members of the parole board present, rather than three, which is the minimum number to form a quorum under the law.[16] Siggers also asserted that his attorney raised the matter of the motion to dismiss that had been filed. Board member Nehemiah Flowers said that the parole board was going to release Siggers to the detainers he had in Tunica County for the domestic violence charges. However, Siggers was then transported back to MDOC custody and appears to have remained in MDOC's custody ever since. Notably, no evidence was presented that Siggers had tested positive for drug use at the time of his arrest, as the majority states.

*July 23, 2021 Writ of Mandamus Filing*

¶19. Siggers supplemented his habeas petition by filing a "Writ of Mandamus" on July 23,

---

[16] Mississippi Code Annotated section 47-7-5(1) (Rev. 2024) states that "the State Parole Board, created under former Section 47-7-5, is hereby created, continued and reconstituted and shall be composed of five (5) members. . . ." Mississippi Code Annotated section 47-7-13 (Rev. 2024) provides in part, "A majority of the board shall constitute a quorum for the transaction of all business." Thus, the parole board is required to have at least three of its five members sitting in order to conduct any business, including revoking parole.

2021.[17] In his petition, Siggers challenged his continuing detention and attached a motion to compel discovery for evidence to substantiate his allegations. This discovery motion requested that the court order the production of the interrogation footage from March 11, 2021, the recordings/minutes from the March 25, 2021 telephonic preliminary revocation hearing, the audio/visual footage from the April 13, 2021 telephonic final revocation hearing, and the audio/visual recordings or minutes from the subsequent revocation hearing held on June 8, 2021.

*July 27, 2021 Court Dismissal of Siggers's Pleading and Appeal*

¶20.    Without considering Siggers's Writ of Mandamus and motion for discovery, on July 27, 2021, the circuit court entered an order dismissing Siggers's habeas/PCR pleading. The court considered the filing to be a PCR motion. The court noted that Siggers, who had filed previous PCR motions, had failed to request permission from the Mississippi Supreme Court prior to filing the one on May 12, 2021. The court found that Siggers's current motion was procedurally barred from consideration.

¶21.    Siggers appealed this order, and on December 22, 2022, this Court reversed the circuit court's order dismissing Siggers's PCR. This Court held that Siggers's PCR motion was not successive; thus, he did not need permission from the supreme court. *Siggers v. State*, 352 So. 3d 667, 669 (¶10) (Miss. Ct. App. 2022).

*January 13, 2023 PCR Motion*

¶22.    Following reversal, Siggers filed another PCR motion, which he signed and dated on

_____

[17] Although Siggers signed and dated the Writ of Mandamus on June 29, 2021, it was not filed with the court until July 23, 2021.

December 25, 2022, but was not stamp-filed by the circuit court until January 13, 2023.  In this PCR motion, Siggers raised all the issues he previously raised in his original habeas filing and Writ of Mandamus.  Because this Court had remanded the matter to the circuit court for further proceedings, the circuit clerk appropriately filed the January 13, 2023 PCR motion in Siggers's current case, rather than creating a new case file.  Along with this second PCR motion, Siggers filed a request for production of "tangibles" and a request for admissions, also signed and dated on December 25, 2022, but not filed until January 13, 2023.[18]  None of the respondents filed any response to Siggers's motions or to the discovery he propounded.

¶23.   As of January 2023, when Siggers made his third post-conviction filing and the additional discovery requests, Siggers was incarcerated at the South Mississippi Correctional Institution in Leaksville, Mississippi in MDOC's custody.

---

[18]  These requests asked that the parole board produce "the record and minutes from the June 8, 2021 Final Revocation Hearing to this honorable court."  Siggers also requested the Parole board  to admit that: (1) a final revocation hearing was held telephonically on April 13; (2) Siggers was arrested on March 11, 2021, triggering the twenty-one-day rule for a final revocation hearing; (3) the parole board refused to release Siggers on April 1, 2021, pursuant to Mississippi Code Annotated section 47-7-27(6)(a)-(b); (4) the parole board failed to notify Siggers of the time, date, and place of the final revocation hearing held on April 13 in the Tunica County Sheriff's Office; (5) the parole board failed to notify Attorney Shah of the time, date, and place of the April 13 hearing; (6) Siggers demanded to be released on April 13, pursuant to Mississippi Code Annotated section 47-7-27(6)(a)-(b) and the parole board refused; (7) Siggers was transferred on or around May 5, 2021, to have a second final revocation hearing; (8) the parole board held said second final revocation hearing on June 8, 2021, with only two members of the parole board present, Chairman Steven Pickett and Nehemiah Flowers; (9) the parole board entered into a "covenant to release" Siggers to his detainers in Tunica County at the June 8 hearing; and (10) the Tunica County Sheriff's Office breached the covenant when the office refused to release Siggers after he had not been convicted of the underlying charges of domestic violence and had not violated any terms of his parole.

12

*Denial of Relief*

¶24. Despite Siggers's filings in January, the circuit court considered only Siggers's initial petition and summarily denied it on February 10, 2023.

### Discussion

### 1. Siggers's May 12, 2021 Habeas was appropriately considered a PCR motion.

¶25. I disagree with the majority's holding that Siggers's initial May 12, 2021 pleading was a true petition for habeas corpus and not a PCR motion.

¶26. Although Siggers titled his initial pro se pleading "habeas," pleadings filed by *convicted defendants* challenging their *detention for parole violations* have routinely been considered PCR motions as shown below. Mississippi Code Annotated section 99-39-3(1) (Rev. 2020), part of the Uniform Post-Conviction Collateral Relief Act, states that part of the purpose of the PCR motion process is to supplant the use of habeas petitions by post-conviction detainees:

> Specifically, this article repeals the statutory writ of error coram nobis, supersedes Rule 8.07 of the Mississippi Uniform Criminal Rules of Circuit Court Practice and *abolishes the common law writs relating to post-conviction collateral relief, including* by way of illustration but not limitation, error coram nobis, error coram nobis, and *post-conviction habeas corpus*, as well as statutory post-conviction habeas corpus. *The relief formerly accorded by such writs may be obtained by an appropriate motion under this article.*

In *Cook v. State*, 301 So. 3d 766, 775 (¶8) (Miss. Ct. App. 2020), we specifically stated that the UPCCRA "repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences."

13

¶27. True habeas petitions, filed pursuant to Rule 2.07 of the Uniform Civil Rules of Circuit and County Court Practice,[19] are limited to cases *other than post-conviction*. For example, a defendant being held awaiting a retrial of his murder case properly brought a habeas petition for violation of his constitutional rights to effective assistance of counsel. *Kuebler v. Mason*, 274 So. 3d 925, 926 (¶1) (Miss. 2019). In that case, Kuebler was not convicted, and thus a habeas, not a PCR motion, was appropriate. *See id.* The case the majority cites, *Bateman v. State*, 267 So. 3d 793 (Miss. Ct. App. 2018), is another example of a pre-trial detainee who filed a habeas, challenging the court's jurisdiction, prior to his indictment. *Id.* at 794 (¶2). Neither of these habeas cases are applicable here because those defendants were pre-trial detainees, not parolees who were challenging detention that resulted from wrongful revocations as does Siggers. Siggers clearly filed his initial pleading when he believed his parole had been revoked at a hearing in April 2021 that he contended violated his statutory and due process rights—clearly Siggers's issue was a post-conviction matter envisioned under section 99-39-5(1)(h). *See supra* note 10.

¶28. Also, it should be noted that in the first appeal of the court's denial of Siggers's May 12, 2021 pleading, this Court unanimously considered it a PCR motion, not a habeas petition, and we analyzed it under the relevant PCR statutes and caselaw. *Siggers*, 352 So. 3d at 669 (¶¶9, 10). Further, Siggers was obviously still in MDOC's custody in January 2023 when he filed his last PCR motion. He was not incarcerated on any new charge, but is serving his life

---

[19] This Rule is titled "Rule 2.07. Habeas Corpus in Preconviction and Extradition Matters," and begins with "A. Habeas Corpus in Cases Other Than Post-Conviction and Extradition. . . . ."

14

sentence, indicating that he is incarcerated pursuant to the revocation of his parole.

¶29.   Although my disagreement with the majority's characterization of Siggers's May 12, 2021 pleading may seem academic, it affects our standard of review. It must be remembered that we apply a different standard of review for habeas petitions than the standard used for reviewing PCR motions. The Mississippi Supreme Court has held a trial court's ruling on a habeas corpus petition is presumptively correct and will not be disturbed if supported by the evidence, even if the evidence is conflicting. *Kuebler*, 274 So. 3d at 928-29 (¶15). There is no such presumption in reviewing PCR motions, where we examined the circuit court's decision for clear error and employ a de novo review to legal conclusions. *Duncan v. State*, 378 So. 3d 991, 992-93 (¶10) (Miss. Ct. App. 2024).

2.     **The circuit court erred in summarily denying Siggers's PCR motion.**

¶30.   I further disagree with the majority's holding affirming the circuit court's summary denial of Siggers's May 12, 2021 habeas petition, albeit, the majority states, for the wrong reason. The majority holds that Siggers only filed the habeas petition because the parole board had not convened a final revocation hearing as of May 12, 2021. So when the parole board held the June 8, 2021 hearing, Siggers's claims were mooted. However, a thorough read of Siggers's May 12, 2021 filing reveals that Siggers considered the April 13, 2021 hearing to be the revocation hearing, and he was challenging its validity (for no notice and no opportunity to cross-examine witnesses, or even have counsel present). Moreover, Siggers's June 29, 2021 Writ of Mandamus supplemented his initial May 12, 2021 pleading to challenge the errors in the June 8, 2021 proceeding that was subsequently held. Thus,

15

when the circuit court initially ruled in July 2021, Siggers had filed pleadings challenging the June 8, 2021 hearing as well, contrary to the majority's characterization of his complaints. The circuit court erroneously ignored the Writ of Mandamus that was in the file when it dismissed the case on July 27, 2021, and we must not make that mistake again. Taking all the allegations of the initial "habeas" pleading, the "writ of mandamus" pleading, and the January 23, 2023 PCR motion, Siggers claims were never mooted, and the circuit court erred in summarily denying them.

¶31. A circuit court may summarily deny a PCR motion "[I]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020); *accord Moore v. State*, 248 So. 3d 845, 848 (¶7) (Miss. Ct. App. 2017). Section 99-39-11(1) of that same Act requires the circuit court to examine the motion "together with *all* the files, records, transcripts and correspondence relating to the judgment under attack." (Emphasis added). "The trial judge's *obligation* is to review the 'original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack,' in order to resolve the merits of the allegations." *Ward v. State*, 879 So. 2d 452, 454 (¶6) (Miss. Ct. App. 2003) (emphasis added) (quoting § 99-39-11(1) (Rev. 2000)).

¶32. In the current appeal of the February 10, 2023 ruling, the circuit court made no mention of its review of anything other than the "COA opinion [remanding the case] as well as Siggers's *original* petition and Mississippi case law." (Emphasis added). The circuit court failed to review Siggers's complete file, including other subsequently filed substantive

pleadings, as well as his motion for discovery, and, thus, the court did not comply with its mandate to review *all* files, records, transcripts, and correspondence in the file prior to summarily denying relief.

¶33. Finally, the circuit court failed to address the most glaring potential due-process issue in this case—Siggers's contention that the parole board conducted a final revocation hearing without a quorum of members present. Such a fact, if found in Siggers's favor, would warrant relief and preclude a summary denial of his PCR motion. Accordingly, I would hold that because the circuit court failed to review Siggers's entire file, and because there were critical facts in dispute that if resolved in Siggers's favor would warrant relief, the circuit court erred in summarily denying Siggers's PCR motion.

¶34. I further disagree with the part of the majority's opinion that requires the circuit court to only consider Siggers's January 13, 2023 PCR motion on remand. I believe all of Siggers's pleadings should be reviewed and heard. The circuit court initially dismissed Siggers's habeas/PCR motion on procedural grounds, i.e., Siggers's failure to secure permission to file resulting in the court's lack of jurisdiction to consider the matter. When this Court determined that the circuit court did have jurisdiction, the case was remanded for the circuit court's review and decision on the merits. After remand, the circuit court had before it the initial habeas/PCR motion, the Writ of Mandamus, the motion to compel discovery, and the other PCR motion filed in January 2023 with discovery requests. Because a circuit court is required to consider the entire record before it, the circuit court should, in my opinion, consider all these filings, along with the discovery requests, on remand.

17

**3.    The circuit court erred in failing to order the parole board to respond to Siggers's discovery.**

¶35.    The majority remands this case for the circuit court to consider only the January 23, 2023 PCR motion "through the regular statutory process." In addition to my disagreement with the majority about the pleadings that the circuit court should be consider on remand, I would more specifically instruct the circuit court about how to proceed on remand. In this case, Siggers filed pleadings raising significant substantive issues, and he followed the "statutory process" of seeking discovery on these issues. However, not only did the circuit court fail to consider all his pleadings and hold a hearing, the court further abused its discretion in failing to order the parole board to respond to Siggers's discovery requests.

¶36.    On appeal, the State argues that Siggers failed to support his statutory and due process claims with anything other than his own bare assertions. However, it is clear from the record that Siggers requested the court to compel the production of documents and admission of facts that may have proved his claim.

¶37.    Mississippi Code Annotated section 99-39-15 (Rev. 2020) provides for discovery in a PCR action under the following conditions:

> (1) A party may invoke the processes of discovery available under the Mississippi Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

> (2) Requests for discovery shall be accomplished by a statement of the interrogatories or requests for admission and a list of the documents, if any, sought to be produced.

In addition to this procedure, we have added that the PCR motion also has to withstand

18

summary dismissal before discovery is allowed:

> Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated Section 99-39-1 et seq. (Rev. 2000), a prisoner filing a proper motion, *and whose motion has withstood summary dismissal* pursuant to Section 99-39-11(2) (Rev. 2000), may be entitled to trial transcripts or "other relevant documents under the discovery provisions of § 99-39-15," if good cause is shown and in the discretion of the trial judge.

*Kemp v. State*, 904 So. 2d 1137, 1139 (¶11) (Miss. Ct. App. 2004) (emphasis added); *see also*

*Minor v. State*, 186 So. 3d 437, 439 (¶5) (Miss. Ct. App. 2016). We have also required that

the discovery requested must be pertinent to the matters at issue in the PCR motion in

*Hubanks v. State*, 952 So. 2d 254, 256 (¶6) (Miss. Ct. App. 2006).

¶38. In summary, in determining on appeal whether discovery should have been granted,

we must (1) determine whether a PCR motion can withstand summary dismissal under

section 99-39-11(2), (2) determine whether the discovery requested is pertinent to the PCR

issues, and (3) determine whether the trial court abused its discretion by not allowing

discovery.

¶39. In this case, it is clear, and I would hold, that the Siggers's pleadings withstood

summary dismissal. In addition, the discovery he included proposed requested documents

and admissions that went to the heart of his case, namely, requests for the minutes or records

of the various hearings held to show that he was not afforded notice or that only two board

members were present. These documents or requests for admission, which only the State

or parole board possessed, were not only relevant but critical to the issues Siggers raised in

19

his PCR motion.[20]  These requests are obviously pertinent to his case.  Finally, the statute only requires that Siggers inform the court of the content of his interrogatories and requests for documents, which Siggers did on two occasions.  First, he filed a motion to compel discovery with the Writ of Mandamus filed in June or July 2021, and again after remand, he filed specific interrogatories and requests for admission along with his January 13, 2023 PCR motion.  At neither time did the circuit court consider Siggers's requests for discovery, which amounted to a denial by default.  Because Siggers had clearly shown good cause for such discovery, the circuit court abused its discretion by not ordering responses.  Accordingly, I would require that on remand the circuit court order the State and parole board  to respond to Siggers's discovery requests prior to conducting a hearing on Siggers's PCR motion.

**BARNES, C.J., AND WESTBROOKS, J., JOIN THIS OPINION.  McCARTY, J., JOINS THIS OPINION IN PART.**

---

[20] Among other things, Siggers requested the audio/video footage from the April 13 final revocation hearing that took place telephonically, which is relevant to whether Siggers challenged the proceedings for lack of notice and counsel.  He also requested the audio/visual recordings and/or minutes of the final revocation hearing held on June 8, which the parole board  is required by statute to maintain.  These materials could establish whether a quorum was present and whether the board considered Siggers's motion to dismiss the proceedings because allegedly no petition for revocation was ever filed.  Siggers also sought admissions from the State and parole board  about critical facts concerning these hearings.  Because the materials requested were pertinent to the issues in his PCR, Siggers had clearly shown "good cause" for conducting discovery prior to a hearing on his PCR motion.  The circuit court's failure to allow Siggers discovery under these circumstances, where only the State had the documents and materials he needed to prove his claims, constitutes an abuse of discretion.